IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                            No. CIV-05-0078 LH/LAM
                                              CR-00-95 LH

BRANDON CHEROSPOSY,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's response to the order of February 10, 2005, that required Defendant to show cause why his § 2255 motion should not be dismissed as untimely. Defendant makes two arguments: (1) a new limitation period began when certain decisions were announced by the Supreme Court, and (2) the original limitation period should be equitably tolled for certain periods when Defendant was unable to pursue his remedies. As previously noted, the Supreme Court denied Defendant's petition for writ of certiorari on January 12, 2004. *See Cherosposy v. United States*, 540 U.S. 1131 (2004). Defendant certifies that he mailed his § 2255 motion to the Court on January 19, 2005, although the envelope containing the motion is postmarked January 20, 2005.

      No relief is available under Defendant's first argument. He contends that the Supreme Court's decisions in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), effectively restarted the running of the statute of limitation in § 2255(3). The applicable statutory provision states as follows: "The limitation period shall run from the latest of-- . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. Even assuming for purposes of this order that *Blakely* and *Booker* recognized a new right, these decisions have not been made retroactive. *See United States vs. Bellamy*, --- F.3d ---, ---, No. 04-5145, 2005 WL 1406176, at *4 (10th Cir. June 16, 2005). Defendant's sentencing claim under *Blakely* and *Booker* is barred as untimely. Alternatively, because the rulings in *Blakely* and *Booker* are not retroactive, Defendant's sentencing claim will be dismissed on the merits.

As to Defendant's other claims, his allegations do not warrant equitable tolling. Defendant asserts that lockdowns at his facility hindered his ability to file court documents. In a document attached to Defendant's response, his warden states that the only lockdown during the relevant time period lasted two weeks. Furthermore, Defendant "has not presented any evidence the lockdown was not related to legitimate penological interests." *Pfeil v. Everett*, No. 01-8003, 2001 WL 618209, 9 Fed. Appx. 973, 978 (10th Cir. 2001) (citing *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000)). Defendant's allegations are insufficient to toll the running of the statute, *Pfeil*, 9 Fed. Appx. at 978, and his non-*Booker* claims will be dismissed as untimely.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 199) filed January 24, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE